# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RUSSELL KURT JACOBS, JR., | * | |
| Petitioner | * | |
| v | * | Civil Action No. PX-21-357 |
| WILLIAM BOHRER and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

Russell Kurt Jacobs, Jr. challenges his 2019 state convictions for armed robbery and use of firearm in the commission of a violent crime in his Petition filed pursuant to 28 U.S.C. § 2254. ECF No. 1. For the following reasons, the Court must dismiss the Petition without prejudice to refile once all claims have been exhausted.

### I. Background

On March 27, 2019, a Harford County jury convicted Jacobs of armed robbery, theft, and use of a firearm in a felony or crime of violence. *State v. Jacobs*, Case No. 12-K-17-000675 (Cir. Ct. Harford Cnty.), ECF No. 4-1 at 4. On May 15, 2019, the Circuit Court sentenced him to an aggregate term of 40 years' incarceration with all but 30 years suspended. *Id.* at 5. On May 23, 2019, Jacobs filed a direct appeal, challenging an array of purported trial errors. *Id.* at 9, 33.

On August 20, 2020, the Maryland Court of Special Appeals affirmed his convictions and sentence. *Jacobs v. State*, Case No. 0510, Sept. Term 2019 (Ct. Spec. App. Md. Aug. 20, 2020), ECF No. 4-1 at 133. Jacobs next petitioned the Court of Appeals for writ of certiorari, arguing that counsel for the State "lied" in its appellate brief, that the Court of Special Appeals erred in upholding the circuit court's trial court decisions, and that he did not receive the State's appellate

briefs in a timely manner. ECF No. 4-1 at 134. On December 21, 2020, the Court of Appeals of Maryland denied certiorari. *Jacobs v. State*, 242 A.3d 1122 (Md. 2020) (table), ECF No. 4-1 at 142.

While the direct appeal was pending, Jacobs filed a state petition for post-conviction relief on July 15, 2020. *See* Case Summary, ECF No. 4-1 at 10, 145. The state post-conviction petition echoes many of the trial errors raised, but also maintains that the appellate briefs were not timely made available to Jacobs, preventing meaningful appellate review. On December 22, 2020, the post-conviction court granted Jacobs' unopposed motion to postpone post-conviction proceedings. *Id.* at 143. A hearing on the post-conviction petition is currently scheduled for December 1, 2021. *Id.* at 13.

Meanwhile, Jacobs filed his Petition in this Court. ECF No. 1. Jacobs maintains that he was denied a speedy trial, that the prosecutor erred at trial in eliciting inadmissible witness testimony, and that his motion for mistrial should have been granted. Regarding his appeal, Jacobs maintains that he was denied meaningful review because did not receive the State's briefs timely and his "student attorney failed to argue extremely valid points." Id. at 5. Respondents filed a limited answer, arguing that the appellate-related claims must be dismissed as unexhausted. ECF No. 4. Jacobs, in reply, simply reiterates his dissatisfaction his student attorney and his having received the appellate briefs late. ECF No. 6. Because Respondents are correct that the appellate claims remain unexhausted, the Petition is dismissed without prejudice.

**II.     Discussion**

Before this Court may consider a Petition challenging the validity of a state criminal conviction, the claims must first be exhausted at every available level of state-court review. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Pertinent

to this Petition, "each ground for relief [is] an independent claim," and all claims in a petition must be exhausted. *Samples v. Ballard*, 860 F.3d 266, 274 (4th Cir. 2017).

This Court has previously advised Jacobs that he must seek review of each claim in the highest state court with jurisdiction to consider it. *See* ECF No. 5. Although the trial related claims have been exhausted, those regarding Jacobs' direct appeal have not. The appellate-related claims presented here must first be raised in the pending post-conviction petition and if Jacobs does not prevail, he must next seek leave to appeal the adverse ruling to the Court of Special Appeals. *See id.*; Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, the claims are exhausted. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-202. Or, if the application is granted but relief on the merits of the claim is denied, Jacobs must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 438 A.2d 1301, 1305 (Md. 1981).

Because Jacobs post-conviction petition is currently pending, the Petition before this Court will be dismissed without prejudice so that Jacobs may exhaust these claims first. The Court will direct the Clerk to send Jacobs the proper forms and an information packet for filing a § 2254 Petition should he choose to refile once all claims have been exhausted. Notably, the one-year limitations period to file a § 2254 Petition is tolled where, as here, Petitioner files a state post-conviction petition within this one-year period. *See* 28 U.S.C. § 2244(d)(1) & (d)(2).[1] *See Harris*

---

[1] 28 U.S.C. § 2241(d) provides:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

*v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Once Jacobs has exhausted the state post-conviction process as described above, the one-year limitations clock resumes and Jacobs must seek federal habeas corpus review in the time remaining.

### III. Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Jacobs fails to meet this standard and a Certificate of Appealability shall not issue.

### IV. Conclusion

For the foregoing reasons, the Petition is DISMISSED without prejudice. The Court declines to issue a Certificate of Appealability. A separate Order follows.

6/29/21 /S/
_____ _____
Date Paula Xinis
United States District Judge

---

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.